**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 13 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO ZAMBRANO AMEZCUA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1227

Agency No.
A099-067-748

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2023[**]
Pasadena, California

Before: M. SMITH, FRIEDLAND, and MILLER, Circuit Judges.

Sergio Zambrano Amezcua, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals dismissing his appeal

of an immigration judge's decision pretermitting his application for cancellation

of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the

petition.

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We assume without deciding that the Board's decision in *Matter of Wu*—holding that assault with a deadly weapon under California Penal Code section 245(a)(1) is categorically a crime involving moral turpitude—marked a change in the law from 2003, when Zambrano Amezcua pleaded guilty to that crime. 27 I. & N. Dec. 8, 9 (B.I.A. 2017); *see Olivas-Motta v. Whitaker*, 910 F.3d 1271, 1276 (9th Cir. 2018). "Whether a new agency interpretation may be applied retroactively is a question of law," which we review de novo. *Id.* at 1275.

The Board correctly held that *Wu* applies retroactively to Zambrano Amezcua. To determine whether an adjudicatory decision by an agency has retroactive effect, we apply the multi-factor balancing test laid out in *Montgomery Ward & Co. v. FTC*, 691 F.2d 1322, 1333 (9th Cir. 1982). *See Lemus v. Lynch*, 842 F.3d 641, 649 (9th Cir. 2016). Under that test, the court considers "(1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard." *Montgomery Ward*, 691 F.2d at 1333 (quoting *Retail, Wholesale & Dep't Store Union v. NLRB*, 466 F.2d 380, 390 (D.C. Cir. 1972)).

The first factor favors neither party. *Acosta-Olivarria v. Lynch*, 799 F.3d 1271, 1275 (9th Cir. 2015). That factor was "meant to ensure that the party

responsible for a change in law receives the benefits of the new rule," but in the immigration context, where the government is always a party, "this concern is less relevant." *Id.* (citing *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 520–21 (9th Cir. 2012) (en banc)).

The second and third factors favor retroactivity. Those factors "are closely intertwined" and "will favor retroactivity if a party could reasonably have anticipated the change in the law such that the new 'requirement would not be a complete surprise.'" *Garfias-Rodriguez*, 702 F.3d at 521 (quoting *Montgomery Ward*, 691 F.2d at 1333–34). For Zambrano Amezcua, the rule announced in *Wu* could not have been a complete surprise. When Zambrano Amezcua pleaded guilty to assault with a deadly weapon, it was unclear whether that offense was a crime involving moral turpitude, with conflicting precedents pointing in different directions. *Compare Gonzales v. Barber*, 207 F.2d 398, 400 (9th Cir. 1953) (holding that assault with a deadly weapon under California law is, "per se," a crime involving moral turpitude), *overruled by Ceron v. Holder*, 747 F.3d 773, 781 (9th Cir. 2014) (en banc), *with Carr v. INS*, 86 F.3d 949, 951 (9th Cir. 1996) (holding that assault with a *firearm* under California Penal Code section 245(a)(2) is *not* a crime involving moral turpitude), *overruled by Ceron*, 747 F.3d at 782. *Wu* simply settled this open question.

The fourth factor weighs against retroactivity, for "deportation alone is a substantial burden that weighs against retroactive application of an agency

adjudication." *Garfias-Rodriguez*, 702 F.3d at 523 (quoting *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 952 (9th Cir. 2007)).

Finally, the fifth factor favors retroactivity, "because non-retroactivity impairs the uniformity of a statutory scheme, and the importance of uniformity in immigration law is well established." *Garfias-Rodriguez*, 702 F.3d at 523.

Overall, the *Montgomery Ward* factors weigh in favor of applying *Wu* to Zambrano Amezcua retroactively. And under *Wu*, Zambrano Amezcua's conviction for assault with a deadly weapon under California Penal Code section 245(a)(l) is categorically a crime involving moral turpitude. 27 I. & N. Dec. at 9. Zambrano Amezcua is therefore ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C).

The motions to stay removal (Dkt. Nos. 2, 10) are denied. The temporary stay of removal is lifted upon issuance of the mandate.

**PETITION DENIED.**